USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JAN 03 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :

   - v. -                          :          **INDICTMENT**

PEDRO JARAMILLO,
   a/k/a "Enrique Jaramillo,"      :          17 CRIM 004.

         Defendant.               :

- - - - - - - - - - - - - - - - x

### COUNT ONE
### (Commodities Fraud)

The Grand Jury charges:

#### The Defendant and Relevant Entities

1. At all relevant times, PEDRO JARAMILLO, a/k/a "Enrique Jaramillo," the defendant, a Peruvian national residing in New York, New York, was a self-described investment professional with a focus on international investments, including commodities.

2. At all relevant times, PEDRO· JARAMILLO, a/k/a "Enrique Jaramillo," the defendant, maintained an office located in the Trump Building located at 40 Wall Street in Manhattan, New York.

3. At various relevant times, PEDRO JARAMILLO, a/k/a "Enrique Jaramillo," the defendant, represented to investors and prospective investors that he had an established relationship with a certain well-known international investment bank based in

**JUDGE SWAIN**

Switzerland (the "Global Investment Bank") through which JARAMILLO was able to access investment and other opportunities for his clients.

4. At all relevant times, PEDRO JARAMILLO, a/k/a "Enrique Jaramillo," the defendant, maintained and controlled at least four bank accounts (the "Jaramillo Accounts") at a U.S. bank headquartered in Manhattan, New York.

## Relevant Statutory and Regulatory Background

5. The U.S. Commodity Futures Trading Commission (the "CFTC") is an independent federal regulatory agency charged by Congress with the administration and enforcement of the Commodity Exchange Act, 7 U.S.C. § 1 et seq.

6. Contracts of sale of a commodity for future delivery are governed by the provisions of the Commodity Exchange Act. In addition, any person who advises and manages the trading of commodity futures for compensation and profit acts as a commodity trading advisor, as defined under Title 7, United States Code, Section 1(a)(12).

## The Scheme to Defraud

7. Beginning in at least January 2014 through in or about December 2016, PEDRO JARAMILLO, a/k/a "Enrique Jaramillo," the defendant, solicited more than $1.2 million in investments from more than two dozen investors, the majority of whom were retirees and working professionals, primarily for the purported

2

purpose of investing in commodity futures contracts. To obtain investor funds, JARAMILLO represented, among other things, that he was an accomplished Wall Street commodities trader earning returns of twenty-five percent every ninety days through his relationship with the Global Investment Bank.

8.     In truth and in fact, PEDRO JARAMILLO, a/k/a "Enrique Jaramillo," the defendant, utterly failed to invest investor monies as promised. Instead, of the more than $1.2 million in investor funds, JARAMILLO converted more than $700,000 to his own use in the form of cash withdrawals and debit card purchases used to fund his lifestyle, including thousands of dollars on vacations to Disney World.

9.     To hide his misappropriations and continue to fund his personal lifestyle, PEDRO JARAMILLO, a/k/a "Enrique Jaramillo," the defendant, also used new investor funds to pay back other investors in a Ponzi-like fashion. In total, since January 2014, JARAMILLO distributed more than $200,000 back to investors from funds deposited by new investors. For example, on or about March 30, 2016, a victim investor wired $19,500 to one of the Jaramillo Accounts. None of this money was used for investments. Instead, later the same day, $7,000 was wired to a different investor.

10.    Since January 2014, PEDRO JARAMILLO, a/k/a "Enrique Jaramillo," the defendant, also diverted more than $100,000 of

3

investor funds out of bank accounts he controlled in the United States to foreign bank accounts, including in Peru where JARAMILLO is a citizen. For example, on or about December 7, 2015, after one of the JARAMILLO accounts received $80,000 in total monies from two victim investors, JARAMILLO wired $25,000 to an account in Peru.

11. As of the end of October 2016, the Jaramillo Accounts all had a near-zero, zero, or negative balance.

## Statutory Allegations

12. From at least in or about January 2014 through in or about December 2016, in the Southern District of New York and elsewhere, PEDRO JARAMILLO, a/k/a "Enrique Jaramillo," the defendant, willfully and knowingly, in connection with an order to make and the making of a contract of sale of a commodity for future delivery, made and to be made for and on behalf of and with another person: (a) cheated and defrauded another person, and attempted to do so; (b) made and caused to be made to another person a false report and statement and entered and caused to be entered for another person a false record; and (c) deceived another person, and attempted to do so, by any means in regard to an order and contract and the disposition and execution of an order and contract, and in regard to an act of agency performed, with respect to an order and contract for and with the other person to wit, JARAMILLO solicited more than $1.2 million in funds from investors

4

purportedly for the purpose of trading in commodity futures contracts, when, in truth and in fact, JARAMILLO instead converted the majority of investors' money to his own use, used some of the money to pay purported returns to other investors to whom he falsely reported positive investment results and account balances, and wired some of the money from accounts in the United States to offshore bank accounts.

(Title 7, United States Code, Sections 6b(a)(2) and 13(a)(1)and (a)(5); Title 18, United States Code, Section 2.)

## COUNT TWO
### (Wire Fraud)

The Grand Jury further charges:

13.    The allegations contained in paragraphs 1 through 11 of this Indictment are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

14.    From at least in or about January 2014 through in or about December 2016, PEDRO JARAMILLO, a/k/a "Enrique Jaramillo," the defendant, in the Southern District of New York and elsewhere, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such

5

scheme and artifice, to wit, JARAMILLO solicited more than $1.2 million in funds from investors purportedly for investments in commodity futures contracts, and other investments, when, in truth and in fact, he converted the majority of investors' money to his own use, used some of the money to pay purported returns to other investors to whom he falsely reported positive investment results and account balances via email and other interstate wires, and wired some of the money from accounts in the United States to offshore bank accounts.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT THREE
## (Money Laundering - International Monetary Transactions Involving Crime Proceeds)

15.     The allegations contained in paragraphs 1 through 11 of this Indictment are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

16.     In or about December 2015, in the Southern District of New York and elsewhere, PEDRO JARAMILLO, a/k/a "Enrique Jaramillo," the defendant, a United States person, knowingly, within the United States, in an offense involving and affecting interstate and foreign commerce, did engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, to wit, JARAMILLO transferred the proceeds of the wire fraud offense charged in Count Two of this Indictment, in transactions affecting interstate commerce, and through the use of wires

6

greater than $10,000 from bank accounts at U.S. financial institutions to bank accounts at foreign financial institutions, including a wire transfer on or about December 7, 2015, in the amount of $25,000 from an account at a financial institution in New York, New York controlled by JARAMILLO to an account at a financial institution in Peru.

(Title 18, United States Code, Sections 1957 and 2.)

### FORFEITURE ALLEGATION

17. As the result of committing the offenses alleged in Counts One and Two of this Indictment, PEDRO JARAMILLO, a/k/a "Enrique Jaramillo," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

18. As a result of committing the offense alleged in Count Three of this Indictment, PEDRO JARAMILLO, a/k/a "Enrique Jaramillo," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 928(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited

7

to a sum of money in United States currency representing the amount of property involved in said offense.

## Substitute Asset Provision

19. If any of the above-described forfeitable property, as a result of any act or omission of PEDRO JARAMILLO, a/k/a "Enrique Jaramillo," the defendant,

        a.    cannot be located upon the exercise of due diligence;

        b.    has been transferred or sold to, or deposited with, a third party;

        c.    has been placed beyond the jurisdiction of the Court;

        d.    has been substantially diminished in value; or

        e.    has been commingled with other property.

which cannot be subdivided without difficulty, it is the intent of

the United States, pursuant to Title 18, United States Code,

Section 982(b), and Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of JARAMILLO up to the

value of the above forfeitable property.

> (Title 18, United States Code, Sections 981 and 982;
>     Title 21, United States Code, Section 853;
>     Title 28, United States Code, Section 2461.)


FOREPERSON

1/3/17

PREET BHARARA
UNITED STATES ATTORNEY

9

1/3/17    Fld Indictment, Case assigned to Judge Swain.

Pitman, USMJ

BNL