UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES,

                                                                                            No. 17 CR 4-LTS

       -against-

PEDRO JARAMILLO,

                Defendant.
-------------------------------------------------------x

## ORDER

The Court has received and reviewed Defendant's letter requesting reconsideration of the Court's order denying his motion for compassionate release (Docket Entry No. 59). (Docket Entry No. 63.)

A motion for reconsideration is not intended as "a vehicle for relitigating old issues, presenting the case under new theories . . . or otherwise taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012). Indeed, reconsideration is an "extraordinary remedy to be employed sparingly in the interest of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal quotation marks omitted). To warrant reconsideration, the moving party bears the heavy burden of showing "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." Virgin Atlantic Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted).

Defendant proffers new evidence in support of his motion for compassionate release, asserting that there is now at least one confirmed case of COVID-19 infection at his facility.

In support of his motion for compassionate release, Defendant argued that he had a "heighted vulnerability to contracting and perishing from the virus." (Docket Entry No. 59, at 2.) However, Defendant did not proffer that he has any medical conditions which expose him to a higher risk of infection or serious complications from COVID-19 than that faced by other individuals at his facility. (Id.) The Court therefore denied the motion for failure to show that Defendant faced a risk of infection or complications that was sufficiently extraordinary and compelling to warrant release. The Court's decision was not premised on the assumption that Defendant faced no risk of infection. Accordingly, new evidence that there is a confirmed case of COVID-19 in Defendant's facility is not material to the Court's decision to deny the motion for compassionate release.

For the reasons stated above, Defendant's motion for reconsideration is denied.

This order resolves Docket Entry Number 63.

SO ORDERED.

Dated: New York, New York
       August 14, 2020

      /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge