UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES,

                                                                                                                           No. 17 CR 4-LTS

        -against-

PEDRO JARAMILLO,

                Defendant.
--------------------------------------------------------x

### ORDER

The Court has received and reviewed Defendant's letter requesting reconsideration of the Court's order denying his motion for compassionate release (Docket Entry No. 59). (Docket Entry No. 66, 67.)

A motion for reconsideration is not intended as "a vehicle for relitigating old issues, presenting the case under new theories . . . or otherwise taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012). Indeed, reconsideration is an "extraordinary remedy to be employed sparingly in the interest of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal quotation marks omitted). To warrant reconsideration, the moving party bears the heavy burden of showing "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." Virgin Atlantic Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted).

The Court previously denied Defendant's motion for compassionate release because Defendant had failed to show that the risk of infection or medical complications he faced was sufficiently extraordinary and compelling to warrant release. Although Defendant argued that

his incarceration exposed him to "heighted vulnerability to contracting and perishing from the virus," (Docket Entry No. 59, at 2), Defendant did not proffer that he had any medical conditions which exposed him to a higher risk of infection or serious complications from COVID-19 than that commonly faced by other individuals at his facility. (Id.)

In the instant motion for reconsideration, Defendant proffers new information in support of his motion for compassionate release, asserting that he suffers from the following health conditions: sleep apnea, "other sleeping disorders," "other specified symptoms and signs involving the circulatory and respiratory system," prediabetes, anxiety disorders, and essential hypertension. (Docket Entry No. 66, at 3.) None of these health conditions is among the conditions the CDC has determined increase the risk of severe illness from COVID-19.[1] Hypertension has been identified by the CDC as a condition which "might" increase the risks posed by COVID-19. However, the CDC states that limited data support the increase in risk, a disclaimer which also applies to conditions such as pregnancy and a history of smoking. (Id.) Accordingly, Defendant's additional proffers do not warrant reconsideration of the Court's order or establish an extraordinary and compelling reason warranting a reduction of his sentence and compassionate release.

---

[1] See PEOPLE WITH CERTAIN MEDICAL CONDITIONS, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited Sept. 10, 2020).

For the reasons stated above, Defendant's motion for reconsideration is denied.

Chambers will mail a copy of this order to Defendant.

This order resolves Docket Entry Numbers 66 and 67.

SO ORDERED.

Dated: New York, New York
September 10, 2020

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Copy Mailed to:   Pedro Jaramillo 78516-054
LSCI Allenwood
P.O. Box 1000
White Deer, Pa 17887